No. 442
NAIRN v. FRED ALBRECHT GROC. CO.
Ohio Appeals, 9th Dist., Summit Co.
No. 913. Decided March 2, 1925.
1094. SLANDER—Words injuring one in his vocation or prejudicing him in his means of employment or occupation, constitute slander per se.
PARDEE, J.

Laura Nairn was employed by the Fred W. Albrecht Grocery Co. in its bakery. She instituted suit in the Summit common pleas against the Albrecht Grocery Co., alleging that certain false and malicious words were uttered by an officer and manager of the company in the presence and hearing of divers persons. Said manager was alleged to have stated that Nairn was diseased and that she had been

discharged from another bakery for the same reason. The common pleas court dismissed Nairn's petition and error was prosecuted.

Nairn contended that her petition contained a good cause of action, she claiming that the words alleged to have been spoken were actionable per se. The company claimed they were not actionable per se, declaring that it was necessary to set forth in the petition an innuendo, alleging what injurious import of the words was intended and conveyed or an allegation of special damages; neither of which was set forth in the petition. Court of appeals held:

1. Words charging one with an offensive disease which tends to exclude him from society, are slanderous per se. But the petition of Nairn did not set forth what the disease was, so that the alleged slanderous words do not come within the above classification and does not state a cause of action thereunder.

2. The alleged slanderous words contained in the petition show injury to Nairn by prejudicing her in her means of employment.

3. The words spoken are actionable per se, without alleging any injurious meaning and without alleging special damages whereby the person against whom they are uttered is prejudiced in his or her employment. Judgment of lower court reversed and cause remanded.

Attorneys—Carl M. Myers, for Nairn; Ormsby & Kennedy, for Company; all of Akron.

